WEAVER et al., Appellants,

v.

STANDARD OIL COMPANY OF OHIO, Appellee.

[Cite as *Weaver v. Standard Oil Co.* (1989), 61 Ohio App.3d 139.]

Court of Appeals of Ohio,
Hamilton County.

No. C–880309.

Decided March 22, 1989.

*Weber & Weber Co., L.P.A., Mark F. Weber, DeCenso & Knapp* and *William C. Knapp,* for appellants.

*Rendigs, Fry, Kiely & Dennis, Kerry L. Beringhaus* and *Terrence M. Garrigan,* for appellee.

*Per Curiam.*

The appeal is taken from the order of the court granting the motion of the defendant-appellee, the Standard Oil Company of Ohio, for summary judgment pursuant to Civ.R. 56.[1]

On January 15, 1985, the plaintiff-appellant, Daniel Weaver, then a minor, visited a service station operated by the defendant-appellee in the company of

---

1. We have *sua sponte* removed this case from the accelerated calendar.

his mother to purchase gasoline for the family vehicle. The weather then prevailing is described as having been cold with snow falling. With the exception of a small area adjacent to the window through which a cashier accommodated customers, the premises were covered with snow, slush and freezing slush. Daniel Weaver, who was wearing winter boots with treaded soles, walked through the accumulation of snow, ice and slush and reached the cashier's window to pay for the gasoline in advance without incident. On his return to the car, however, he slipped and fell. Weaver's claim is that his left foot slipped from beneath him because ice had formed on the recessed cover of a filler pipe, attached to a subterranean gasoline storage tank, located near the gasoline pump from which the family car was to be serviced. His testimony in the deposition taken by the defendant-appellee is that his left heel caught on the lip of the recessed cover plate, precipitating him to the ground, and that as a result of the fall he suffered a fracture of his left ankle.

Appellant has given us four assignments of error, each of which asserts, for different reasons, that the court erred in granting summary judgment.

■ Clearly, the law in Ohio is that an owner of property is not liable for injuries to business invitees who slip and fall on natural accumulations of ice and snow, because the owner has a right to assume that such visitors will appreciate the risk presented and will take action to protect themselves accordingly. *LaCourse v. Fleitz* (1986), 28 Ohio St.3d 209, 28 OBR 294, 503 N.E.2d 159.

■ There is, however, at least one exception to the general rule. When the owner knows or should know that ice and snow have created a condition substantially more dangerous to an invitee than he could reasonably anticipate, the owner's failure to remove the ice and snow will constitute negligence. *Mikula v. Slavin Tailors* (1970), 24 Ohio St.2d 48, 53 O.O.2d 40, 263 N.E.2d 316; *Stinson v. Cleveland Clinic Found.* (1987), 37 Ohio App.3d 146, 524 N.E.2d 898.

■ Moreover, the owner or occupier of business premises owes a general duty to invitees to provide them a reasonably safe ingress and egress, and such duty extends to protection against hazards from unnatural accumulations of ice and snow in an area which differs markedly from surrounding conditions. *Tyrrell v. Investment Assoc., Inc.* (1984), 16 Ohio App.3d 47, 16 OBR 50, 474 N.E.2d 621.

■ In response to the motion for summary judgment, Weaver filed a memorandum to which was appended the affidavit of one John H. Hoge, who characterized himself as a professional engineer. Mr. Hoge set forth his

credentials, his academic degrees and licensures which would, when considered on their face, qualify him as an expert in certain areas.[2]

The essence of Hoge's affidavit is that as a result of weather conditions prevailing on the day Weaver fell and was injured, it was "likely" that the steel plate which covered the filler pipe "acquired an unnatural accumulation of ice" by virtue of which a pedestrian walking over it would have no traction. Appellee did not attack this affidavit.

We hold that from the totality of the matter submitted to the court pursuant to Civ.R. 56, the questions whether the snow and ice upon the premises owned or controlled by the Standard Oil Company of Ohio created a condition substantially more dangerous than that which exists normally with ice and snow, and whether the Standard Oil Company was negligent under the circumstances are questions for a trier of the facts to determine under the appropriate standards of law.

It is now beyond argument that under Civ.R. 56(C), a court may not enter a summary judgment unless the documentary evidence submitted establishes that there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law.

The four assignments of error are well-taken because there are issues of fact (1) whether the defendant was negligent in failing to maintain its premises in a reasonably safe condition, (2) whether the snow and ice upon which Weaver fell were an unnatural accumulation, (3) whether the recess, or depression, in which the cover of the filler pipe was located was a trivial defect in the pavement surface, and (4) whether any such defect was a hazard or danger of which Standard Oil Company knew or should have known and was one not discernible to Weaver.

The judgment of the Hamilton County Court of Common Pleas is reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., DOAN and KLUSMEIER, JJ., concur.

---

2. The response by Weaver, including Hoge's affidavit, was filed December 28, 1987. According to the record, there was no independent filing of the affidavit, nor does the caption of the memorandum state that it includes the affidavit. This state of the record would seem to demonstrate a failure by Weaver to comply with Loc.R. 14 of the Hamilton County Court of Common Pleas, effective October 6, 1987, but counsel for the movant did not raise the question below or in argument before this court.