**MARSHALL et al., Appellants,**

v.

**PLAINVILLE IGA et al., Appellees.**

[Cite as *Marshall v. Plainville IGA* (1994), 98 Ohio App.3d 473.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930851.

Decided Nov. 9, 1994.

*Frederick Spaulding,* for appellants.

*McCaslin, Imbus & McCaslin Co., L.P.A.,* and *Thomas J. Gruber,* for appellees.

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the transcript of the proceedings, the briefs and the arguments of counsel. This cause has been removed *sua sponte* from the court's accelerated calendar.

Plaintiff-appellant, Pinkie Marshall, and her husband Paul appeal from the summary judgment granted by the trial court in favor of the defendants-appellees, Plainville IGA and Keller's Food Market, Inc., on her claim for personal injuries and her husband's claim for loss of consortium. In her single assignment of error she contends that summary judgment was improper under Civ.R. 56 because, in view of her status as an invitee of the defendants, genuine issues of material fact existed relative to her fall on an unnatural accumulation of ice.

Marshall stated that while carrying groceries from defendants' supermarket to her car, she slipped and fell on ice in the parking lot. She maintained that the ice was in a "groove" in the pavement. In his deposition and affidavit filed in opposition to the defendants' motion for summary judgment, Marshall's expert, a civil engineer, described where Marshall fell as a "drainage trough" built into the asphalt pavement, measuring three feet wide, forty-five feet long, one and one-quarter inches deep, and extending in the parking lot across the front of the supermarket as depicted in photographs. In his affidavit Marshall's expert stated:

"The depression was not just a minor imperfection but was a trough built into the asphalt surfaced parking area. It was installed without proper drainage inlets such as catch basins or open grating and storm drain pipes to remove water from the surface. Therefore, it caused an unnatural accumulation of ice in the area traversed by pedestrians, when walking from the parking area to the store entrance, after the temperature dropped below freezing."

Although an owner or occupier of land ordinarily owes no duty to its business invitees to remove or warn of natural accumulations of ice and snow on its premises, *Brinkman v. Ross* (1993), 68 Ohio St.3d 82, 83, 623 N.E.2d 1175, 1176, "a different matter arises when an abutting owner or occupier is actively negligent in permitting and/or creating a dangerous or unnatural accumulation of snow and ice." *Lopatkovich v. Tiffin* (1986), 28 Ohio St.3d 204, 207, 28 OBR 290, 293, 503 N.E.2d 154, 157. Where a construction defect in the premises, existing for a sufficient time, causes injury to a pedestrian by creating an artificial condition such as an unreasonable accumulation of ice on a walkway, the owner or occupier incurs liability. *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 230, 23 O.O.3d 232, 236–237, 431 N.E.2d 660, 665. See *McCave v. Canton* (1942), 140 Ohio St. 150, 154, 42 N.E.2d 762, 764; *Weaver v. Standard Oil Co.* (1989), 61 Ohio App.3d 139, 141, 572 N.E.2d 205, 206–207.

In *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273–274, cited with approval in *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus, the Supreme Court observed that summary judgment is "to isolate and dispose of factually unsupportable claims or defenses." It concluded that the standard for granting summary judgment "mirrors" the standard for a directed verdict in that the moving party does not have the burden of proof under Civ.R. 56, but only a burden of persuasion in which it must persuade the trial court that no genuine issues of material fact exist. A moving defendant must establish to the trial court only that the plaintiff did not "make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id.* at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273. "The substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 210–212, adopted in *Perez v. Scripps–Howard Broadcasting Co.* (1988), 35 Ohio St.3d 215, 520 N.E.2d 198. The critical inquiry for the trial court, in determining if genuine issues of material fact exist, is whether the evidentiary material presents "a sufficient disagreement to require submission to a jury" or is "so one-sided that one party must prevail as a matter of law." *Turner v. Turner* (1993), 67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126, citing *Anderson v. Liberty Lobby, supra*, 477 U.S. at 251–252, 106 S.Ct. at 2512, 91 L.Ed.2d at 213–214.

■ The defendants maintain that Marshall's expert is not competent to render his opinion because (1) his examination of the premises and the trough occurred two years after Marshall sustained her injuries, and (2) he was unable to identify the exact location where Marshall fell. Neither contention has merit. Evid.R. 703 requires that the facts upon which an expert bases an opinion be those perceived by the expert or admitted into evidence. The pertinent evidence before the trial court was: (1) Marshall's deposition, in which she testified how and where she fell on ice in the trough; (2) the photographs of the trough and parking lot, which were exhibits in the depositions of Marshall and her expert; and (3) her expert's deposition, in which he testified that although he did not read Marshall's deposition, her attorney was present during his examination of the premises and identified for him where Marshall fell in the trough. Having offered evidence that she fell on ice in this trough, which she claimed was a construction defect allowing an unnatural accumulation of ice, Marshall was not required to pinpoint the precise location of her fall for the expert in the same manner, for example, as had she fallen in a particular pothole in the parking lot. Furthermore, the record does not suggest that this trough had changed since her fall.

■ In *Cash v. Cincinnati* (1981), 66 Ohio St.2d 319, 325, 20 O.O.3d 300, 303–304, 421 N.E.2d 1275, 1279, the Ohio Supreme Court concluded that a one-and-one-half-inch depression, three feet long and twelve to fourteen inches wide, in a pedestrian crosswalk does not, as a matter of law, amount to an insubstantial or trivial defect. In distinguishing *Cash* and retreating from *Kimball v. Cincinnati* (1953), 160 Ohio St. 370, 52 O.O. 237, 116 N.E.2d 708, and *Helms v. American Legion, Inc.* (1966), 5 Ohio St.2d 60, 34 O.O.2d 124, 213 N.E.2d 734, the court stated, "There are ample circumstances presented here to cause reasonable minds to differ as to the existence of a certain danger for pedestrian travel of such crosswalk, so we conclude that the trial court properly left the question of negligence and nuisance to the jury." *Id.*, 66 Ohio St.2d at 324, 20 O.O.3d at 303 421 N.E.2d at 1278.

When the evidence is viewed most favorably to Marshall, as required by Civ.R. 56(C), whether the trough was a substantial defect allowing ice to accumulate artificially presents an issue on which reasonable minds could differ.

The judgment is reversed, and this cause is remanded to the trial court for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

SHANNON, P.J., KLUSMEIER and GORMAN, JJ., concur.