DECISION.
Plaintiff-appellant Elfreda Schlichter appeals from the trial court's order granting summary judgment and dismissing her claim for personal injuries sustained in a fall on an icy walkway on the business premises of defendants-appellees. In her single assignment of error, she contends that the testimony of her expert created a genuine issue of material fact on her claim that negligent design and construction had caused an artificial accumulation of ice on the walkway between the restaurant and the parking lot. Because Schlichter's expert did not base his opinion on the conditions existing at the time of her fall, we find that the assignment of error lacks merit.
P.J.'s Restaurant is located in the Duffy Square Shopping Center. On January 17, 1997, Schlichter, then sixty-eight years of age, left P.J.'s about 11:00 p.m. after having dinner there with friends. She testified in her deposition that it had snowed earlier and that the temperature was well below freezing. While walking across an aggregate block walkway to the parking lot at Duffy Square, she slipped and fell, fracturing her right knee. At the emergency room, she said that she had fallen on ice.
Summary judgment is appropriately granted if the court, viewing the evidence in the light most favorable to the nonmoving party, determines that no genuine issue of material fact remains to be litigated, and that the evidence demonstrates that reasonable minds can come to but one conclusion that is adverse to the party opposing the motion. See Civ.R. 56(C). The moving party "bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on essential element(s) of the nonmoving party's claims." Dresherv. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264, 274. When the moving party discharges its burden, the nonmoving party has the reciprocal burden of producing evidence on the issues for which it bears the burden of production at trial. See id.; see, also, Mitseff v.Wheeler (1998), 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801. Appellate review of the granting of summary judgment is de novo. See Doe v.Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243, 1245.
As a predicate to liability for negligence, it was Schlichter's burden in the trial court to prove "(1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, and (3) that the breach of the duty proximately caused the plaintiff's injury." Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565, 697 N.E.2d 198, 200.
The rule is well established in Ohio that owners and occupiers of business premises do not have a duty regarding natural accumulations of ice and snow. See Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph three of the syllabus. Schlichter contends, however, that she slipped and fell on unnatural accumulations of ice, which we have defined as being caused by "factors other than the inclement weather conditions of low temperature, strong winds and drifting snow." Davis v. The Timbers Owners' Assn. (Jan. 21, 2000), Hamilton App. No. C-990409, unreported, citing Porter v. Miller (1983),13 Ohio App.3d 93, 95, 468 N.E.2d 134, 136. "Where a construction defect in the premises, existing for a sufficient time, causes injury to a pedestrian by creating an artificial condition such as an unreasonable accumulation of ice on a walkway, the owner or occupier incurs liability." Marshall v. Plainville IGA (1994), 98 Ohio App.3d 473, 475,648 N.E.2d 899, 901.
The only evidence in this case that the ice on the walkway was an unnatural accumulation was contained in the deposition of Schlichter's expert, David S. Collins, an architect engaged in a consulting practice limited to codes and standards. This was his first experience as an expert witness regarding the construction of exterior walks. He did not view the scene, but did examine photographs of the walkway taken two weeks after Schlichter's fall and on June 14, 1998. Collins observed that the walkway was not shown on the original plans. He concluded that the walkway was not sufficiently elevated, and that water would accumulate and pool on it (1) if the nearby catch basin was blocked and did not properly drain, or (2) if water flowed from the parking lot across the walkway toward the catch basin when it rained. He admitted, however, that he "had no information as to whether this catch basin was blocked when Schlichter slipped and fell, or if the water on the walkway depicted in the photographs drained from the parking lot area." He conceded that, on the date of the fall, the ice on the walkway could have been caused by melting and freezing snow.
In Collins's opinion, the walkway should have been removed and redesigned by raising it and providing better drainage. He could not name for defense counsel a text that supported his opinion concerning a design that minimized surface water. He said it was "just good practice." When asked if he was suggesting that low spots in sidewalks in "thousands of areas" of the city should be built up to minimize an accumulation of water, his recommendation was that "from an architectural standpoint and good architectural practice, it would be best for the owners of all these properties to build up that area to prevent or minimize an accumulation in low spots."
To establish a genuine issue of material fact, Schlichter had to provide evidence that the injury was more likely than not caused by the appellees' negligence. See, generally, Schumaker v. Oliver B. Cannon Sons, Inc. (1986), 28 Ohio St.3d 367, 369, 504 N.E.2d 44, 46. "[I]f the cause of an injury to a plaintiff may be as reasonably attributed to an act for which defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of showing that her injury is a proximate result of the negligence of the defendant." Gedra v. DallmerCo. (1950), 153 Ohio St. 258, 91 N.E.2d 256, paragraph three of the syllabus; see Westinghouse Elec. Corp. v. Dolly Madison (1975),42 Ohio St.2d 122, 127, 326 N.E.2d 651, 655-656.
Pursuant to Evid.R. 703, facts or data upon which an expert bases an opinion must be those perceived by the expert or admitted in evidence during the hearing. See State v. Jones (1984), 9 Ohio St.3d 123,459 N.E.2d 526, syllabus; see, also, Alley v. Wendy's Internatl., Inc.
(1995), 107 Ohio App.3d 810, 814-815, 669 N.E.2d 538, 541. An expert is competent to render an opinion upon photographs of the scene taken after the injury, if the photographs accurately depict the scene. See Marshallv. Plainville IGA, 98 Ohio App.3d at 476, 648 N.E.2d at 901.
Here, however, Collins's testimony that the poorly designed walkway caused the ice accumulation on which Schlichter sustained her injuries was speculative and conjectural, as reflected by the following exchange:
 Q. * * * Let me just ask you to assume hypothetically that Ms. Schlichter fell on some ice, a patch of ice. You obviously don't know where the ice came from how it got there, do you?
No, I don't.
Collins's opinion made it just as reasonable to believe that Schlichter fell on ice that was caused by the natural melting and freezing of snow, for which the owners and occupiers of the premises would have owed her no duty. See Gedra v. Dallmer; see, also, Dresher v. Burt,75 Ohio St.3d at 293, 662 N.E.2d at 274.
For the foregoing reasons, the assignment of error is overruled, the trial court correctly granted summary judgment in favor of the appellees, and its judgment is, accordingly, affirmed.
Gorman, P.J., Hildebrandt and Shannon, JJ. Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.