[Cite as *Harden v. Villas of Cortland Creek, L.L.C.*, 2013-Ohio-4629.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| MARY HARDEN, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2012-T-0088** |
| VILLAS OF CORTLAND CREEK, | : | |
| LLC, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Case No. 2010 CV 3260.

Judgment: Affirmed.

*Richard L. Demsey* and *Justin D. Gould*, Richard L. Demsey Co., L.P.A., 1350 Euclid Avenue, Suite 1550, Cleveland, OH 44115 (For Plaintiff-Appellant).

*Louis M. DeMarco* and *James J. Reagan*, 50 S. Main Street, Suite 615, Akron, OH 44308 (For Defendants-Appellees Villas of Cortland Creek, LLC; Walnut Run Senior Adult Community; MV Residential Property Management, Inc.; MV Residential Development, LLC; Miller-Valentine Group, LLC and MV Residential Construction, Inc.).

*Victoria D. Barto,* The Law Office of Stephen J. Proe, The Genesis Building, 6000 The Lombardo Center, Suite 420, Seven Hills, OH 44131 (For Defendant-Appellee Mahoney Excavating, Inc.).

*Mark E. Bumstead,* Letson, Griffith, Woodall,Lavelle & Rosenberg Co., 108 Main Avenue, S.W., 6th Floor, P.O. Box 151 Warren, OH 44481 (For Third Party Defendant-Appellee R.T. Vernal Excavating & Paving, Inc.).

COLLEEN MARY O'TOOLE, J.

{¶1} Mary Harden appeals from the grant of summary judgment by the Trumbull County Court of Common Pleas to numerous defendants in her action for personal injuries arising from a slip and fall at her retirement community.[1] The trial court concluded that application of the open and obvious danger doctrine meant defendants owed her no duty. We affirm.

{¶2} Mrs. Harden was a longtime resident of northeast Ohio, 76 years old at the time of her accident. In late August 2008, she entered a lease for a villa at the Villas of Cortland Creek, in Cortland, Ohio. This is a recently completed community for senior citizens. About 5:30 p.m., January 1, 2009, she decided to deposit her rent check at the office. Her son Mark, who lived with her, advised her not to go. A cold rain was falling. Mrs. Harden followed the same route she always used when walking to the office or clubhouse. She walked along the sidewalk on the north side of Sunshine Avenue where she lived, then crossed the road at a slight diagonal to the south side, reaching the mailroom, where she deposited her check. She then returned along the sidewalk on the south side of the road. It was getting dark. The sidewalk on the south side of Sunshine Avenue gives out when it reaches the parking lot fronting the villas.

{¶3} As always, Mrs. Harden chose to recross to the north side, where her apartment was, by walking through the pedestrian crossway between two handicapped parking spaces. The crossway is crosshatched with paint. Through the center of the crossway runs a shallow trough, directing water from an adjacent field into a drain in the

1. By a suggestion of death filed on or about February 20, 2013, Mrs. Harden's counsel informed this court their client died February 13, 2013. Pursuant to App.R. 29(A), we directed that this appeal continue and be decided as if Mrs. Harden was not deceased. *Keeton v. Telemedia Co. of S. Ohio*, 98 Ohio App.3d 405, 407, fn.1 (4th Dist.1994).

parking lot.  Mrs. Harden slipped, fell, and broke her hip.  She felt underneath her some black ice, as well as water running along the trough.

{¶4}  Mrs. Harden filed this action for personal injuries December 20, 2010, naming Villas of Cortland Creek, LLC, Walnut Run Senior Adult Living Community, MS Residential Property Management, Inc., MV Residential Development, LLC, Miller Valentine Group, LLC, MV Residential Construction, Inc., and MV Residential Land, LLC ("MV Communities"), and Buckeye Civil Design, LLC (engineer for the project) as defendants.  Her deposition was taken May 19, 2011.  MV Communities and Buckeye Civil Design filed for summary judgment.  Mrs. Harden filed an amended complaint, adding the architect for the project, Mohney Excavating, Inc. (paving contractor for the project), Lock-Tite Masonry & Concrete, LLC, and Harris' Greenscape, LLC (landscaper for the project), as defendants.  Mohney pleaded in its subcontractor, R.T. Vernal Excavating and Paving, Inc., as a third party defendant.

{¶5}  Eventually, Mrs. Harden dismissed her actions against the architect and Buckeye Civil Engineering, and filed her brief in opposition to MV Communities' summary judgment motion.  Mohney and R.T. Vernal filed motions for partial summary judgment, and Harris Greenscape a motion for summary judgment, all of which Mrs. Harden opposed.[2]

{¶6}  On or about October 5, 2012, the trial court granted summary judgment to all defendants.  The trial court found that the ice upon which Mrs. Harden allegedly fell was a natural accumulation, thus establishing that defendants owed her no duty under

---

2. Mohney also filed a supplemental motion for summary judgment.

3

the open and obvious danger doctrine. It also found that the darkness at the time Mrs. Harden fell was an open and obvious danger. This appeal timely ensued.[3]

{¶7} Mrs. Harden assigns a single error:

{¶8} "The trial court committed prejudicial error in granting defendants-appellees' Motions for Summary Judgment based solely upon its opinion that the accumulation of black ice that caused appellants (sic) fall, whether or not natural or unnatural, was open and obvious although reasonable minds could clearly come to a contrary conclusion in favor of appellant."

{¶9} Under this assignment of error, Mrs. Harden presents two issues for review:

{¶10} "1. Whether or not the appellant submitted sufficient justiciable issues of fact relevant to all of the attendant circumstances and elements necessary to except appellant from the 'open and obvious' doctrine under Ohio law?

{¶11} "2. Whether or not the appellant submitted sufficient justiciable issues of fact establishing that the accumulation of black ice was an unnatural event that was caused by the several or joint and concurrent negligent and/or willful conduct on the part of appellees, which conduct would except appellant from the 'open and obvious' doctrine under Ohio law?"

{¶12} Mohney and R.T. Vernal make a cross assignment of error:

{¶13} "The Trial Court properly granted Mohney Excavating's Supplemental Motion for Summary Judgment as Mohney Excavating completed its Work at Walnut Run in Compliance with the Job Plans and Specifications."[4]

---

3. On or about March 19, 2013, Mrs. Harden and Harris' Greenscape, LLC, jointly moved this court to dismiss the appeal against Harris', which motion we granted April 15, 2013.

{¶14} We review summary judgment rulings de novo, applying the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apartments.,* 61 Ohio App.3d 127, 129 (9th Dist.1989); *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Under Civ.R. 56(C), summary judgment is appropriate where (1) no genuine issue as to any material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 66 (1978).

{¶15} On a motion for summary judgment, the moving party has the burden of demonstrating that no genuine issue of material fact exists. *Dresher v. Burt,* 75 Ohio St.3d 280, 292 (1996). The moving party must point to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-293. Under Civ.R. 56(C*),* the evidence to be considered is limited to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action * * *." Nevertheless, the trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is accompanied by a personal certification that it is genuine or is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *See Bowmer v. Dettelbach,* 109 Ohio App.3d 680, 684 (6th Dist.1996). The burden then shifts to the nonmoving party to provide evidence showing that a genuine issue of material fact does exist. *Dresher* at 293; Civ.R. 56(E).

---

4. MV Communities, Mohney Excavating, Inc., and R.T. Vernal also presented assignments of error, each of which urges this court to affirm the trial court on the basis of the open and obvious doctrine. As these do not allege any error by the trial court, we decline to reach them.

{¶16} We consolidate all the assignments of error for review.

{¶17} This is a premises liability case. As the Court of Appeals, Tenth Appellate District recently observed:

{¶18} "In order to establish actionable negligence in general, a plaintiff must show the existence of a duty, a breach of that duty, and injury proximately resulting therefrom. In cases specifically involving common-law premises liability, a property owner or occupier owes different duties of care to different classes of persons on the premises. Ohio law applies the typical common-law classifications of business invitee, licensee, and trespasser.

{¶19} "Although the Ohio Supreme Court has never explicitly defined the status of residential tenants in an apartment complex, most premises-liability cases have assumed without discussion that residential tenants are invitees for these purposes, as are their guests. Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn invitees of latent or hidden dangers so as to avoid unnecessarily and unreasonably exposing invitees to risk of harm. The property owner is not, however, an insurer of the invitee's safety for all purposes and against all hazards.

{¶20} "Even if the facts otherwise might establish a breach of the duty owed to invitees, Ohio law places an additional burden on the plaintiff in a premises liability case. The 'open-and-obvious' doctrine further limits the owner's duty to warn an invitee of those dangers on the premises that are either known to the invitee or so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and guard against them. The rationale for this doctrine is that, because the open-and-

6

obvious nature of the hazard itself serves as a warning, the property owner may reasonably expect persons lawfully on the premises to discover the hazard and take appropriate measures to protect themselves. The open-and-obvious doctrine relates to the threshold question of whether the defendant had a duty towards the plaintiff.

{¶21} "Open-and-obvious dangers are those that are not hidden, concealed from view, or undiscoverable upon ordinary inspection. A person need not actually observe the dangerous condition for it to be 'open and obvious' under the law; the determinative issue is whether the condition is, under an objective standard, observable. Even in instances where the plaintiff did not actually notice the condition until after it had caused injury, we have concluded that no duty was breached if the plaintiff could have observed the dangerous condition with reasonable attention to his or her surroundings. In other words, the open-and-obvious doctrine focuses on the nature of the hazard itself, not on any party's particular conduct or subjective assessment of the hazard." (Citations omitted.) *Thatcher v. Lauffer Ravines, LLC*, 10th Dist. Franklin No. 11AP-851, 2012-Ohio-6193, ¶10-13.

{¶22} Generally, an owner of land owes no duty under Ohio law to remove natural accumulations of snow and ice, these being legally defined as open and obvious dangers. *Marshall v. Plainville IGA*, 98 Ohio App.3d 473, 475 (1st Dist.1994). However, liability may attach to "unnatural" accumulations of ice or snow. *Id.*

{¶23} "An 'unnatural' accumulation is one created by causes and factors other than natural meteorological forces. Natural meteorological forces include inclement weather conditions, low temperatures, drifting snow, strong winds, and freeze cycles. Unnatural accumulations therefore are caused by the intervention of human action

7

doing something that would cause ice and snow to accumulate in unexpected places and ways." (Citation omitted.) *Thatcher* at ¶17.

**{¶24}** "Where a construction defect in the premises, existing for a sufficient time, causes injury to a pedestrian by creating an artificial condition such as an unreasonable accumulation of ice on a walkway, the owner or occupier incurs liability." *Marshall* at 475.

**{¶25}** The allegation in this case is that Mrs. Harden slipped on a patch of black ice, created by the trough in the pedestrian crossway, evidently designed to channel water from the adjacent field to a drain. In opposition to the summary judgment motions filed by MV Communities and Buckeye Civil Design, Mrs. Harden presented the affidavit and report of Richard L. Zimmerman, a licensed architect. Mr. Zimmerman opined, to a reasonable degree of professional architectural certainty, that placing this trough in the crossway was in violation of the Ohio Building Code and Americans with Disabilities Architectural Guidelines, and in violation of reasonable standards of maintenance and care. He further opined that the trough created an unnatural accumulation of ice upon which Mrs. Harden slipped.

**{¶26}** Mr. Zimmerman's report was sufficient to raise a genuine issue of material fact regarding whether the ice on which Mrs. Harden slipped was an unnatural accumulation resulting from a construction defect, and thus, potentially actionable at Ohio law on this basis.[5] However, we conclude that no duty toward Mrs. Harden

---

5. This writer respectfully disagrees with the concurrence's conclusion that the decision in *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 2009-Ohio-2495, undermines the efficacy of the Zimmerman report. In *Lang*, the Court merely held that violations of administrative rules, such as the Ohio Basic Building Code, do not constitute negligence per se, and that the open and obvious doctrine remains viable when such allegations are made. *Id.* at ¶16-21. However, the Court noted that a violation of the Building Code is "strong evidence" of negligence. *Id.* at ¶21. Mr. Zimmerman did *not* conclude in his report that the code violations he observed constituted negligence per se. He concluded that the trough was the reason

8

existed, due to the admitted darkness at the time of her accident. This court has held that darkness itself is an open and obvious danger, obviating any duty from a property owner to its invitees. *Swonger v. Middlefield Village Apartments*, 11th Dist. Geauga No. 2003-G-2547, 2005-Ohio-941, ¶13. *Accord Jackson v. Bd. of Pike Cty. Commissioners*, 4th Dist. Pike No. 10CA805, 2010-Ohio-4875, ¶24.

{¶27} Mrs. Harden's assignment of error lacks merit. Due to the disposition of the assignment of error, we find the cross assignment of error by Mohney and R.T. Vernal moot.

{¶28} The judgment of the Trumbull County Court of Common Pleas is affirmed.

{¶29} It is the further order of this court that appellant is assessed costs herein taxed.

{¶30} The court finds there were reasonable grounds for this appeal.


TIMOTHY P. CANNON, P.J. concurs in judgment only with a Concurring Opinion,

DIANE V. GRENDELL, J., concurs in judgment only.


_____


TIMOTHY P. CANNON, P.J. concurring in judgment only.

{¶31} I concur in the judgment of the majority. I do not agree, however, that Mr. Zimmerman's report was sufficient to establish a question of fact as to whether the ice on which appellant slipped was an "unnatural accumulation" resulting from a

---

ice accumulated at the spot where Mrs. Harden fell, and that the trough was a construction defect. His report did not premise the conclusion that the trough was a construction defect on the violations. However, pursuant to *Lang* the violations he observed and recounted in his report were strong evidence of negligence.

9

construction defect; nor does any alleged "code violation" inhibit the application of the open and obvious defense. With respect to this main component of appellant's argument, the Ohio Supreme Court has affirmatively stated that a violation of code provisions does not prevent assertion of the open and obvious defense. The syllabus in *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120 (2009) states: "The open-and-obvious doctrine may be asserted as a defense to a claim of liability arising from a violation of the Ohio Basic Building Code."

{¶32} Accordingly, I respectfully concur in judgment only.