[Cite as *Wochele v. Veard Willoughby Ltd. Partnership*, 2017-Ohio-8807.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| JAMES D. WOCHELE, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2017-L-062** |
| VEARD WILLOUGHBY | : | |
| LIMITED PARTNERSHIP, et al., | | |
| Defendants-Appellees. | : | |

Civil Appeal from the Lake County Court of Common Pleas, Case No. 2015 CV 002018.

Judgment: Affirmed.


*Robert S. Leach*, 28787 Ridge Road, Wickliffe, OH 44092 (For Plaintiff-Appellant).

*Ryan K. Rubin* and *Theresa A. Sherman*, Lewis Brisbois Bisgaard & Smith, LLP, 1375 East Ninth Street, Suite 2250, Cleveland, OH 44114 (For Defendants-Appellees).


COLLEEN MARY O'TOOLE, J.

{¶1} James D. Wochele appeals from the grant of summary judgment by the Lake County Court of Common Pleas to Veard Willoughby Limited Partnership and Trenton Place Apartments ("Veard") in his action for common law negligence and violation of the landlord-tenant act. Mr. Wochele tripped over a cinderblock while entering his apartment, and suffered serious injuries. Finding no error, we affirm.

{¶2} Mr. Wochele was deposed twice during the proceedings below. The facts are taken from the deposition transcripts.

{¶3} Mr. Wochele moved to the Trenton Place Apartments on Euclid Avenue in Willoughby, Ohio, in the spring of 2007. In the early afternoon of December 11, 2011, he shopped at a Giant Eagle store, then drove to the Firehouse, a restaurant bar, to meet his friends Rob and Gary, about 3:30 p.m. Gary drove the three men to a pizza parlor in Chesterland, Ohio, where they drank beer and watched football until about 7:30 p.m. Gary then drove them back to the Firehouse, where Mr. Wochele drank another beer, before driving home. He arrived home sometime between about 9:30 p.m., and 10:30 p.m. He parked in his normal parking spot, at the rear of his apartment house, since it is close to his apartment, and he could enter through the sliding doors. There was no snow, but Mr. Wochele testified the parking lot itself, and the walkway running along side of it, had water puddles.

{¶4} Mr. Wochele gathered his four bags of groceries, and walked over the lawn next to the walkway. He testified he does this as a matter of habit, especially if the parking lot and walkway are under water, as they were that night. The bags were at his side, and did not obscure his vision. In the lawn, next to the walkway, was the base for a lamppost, which had either broken, or never been completed. The base had been covered with a white bucket, and a cinderblock placed on top of the bucket. Mr. Wochele walked along between the lamppost base and the walkway, as he normally did. Mr. Wochele testified at his first deposition that this condition had existed for months. He also testified at each deposition that he had never seen the cinderblock off

2

the top of the bucket, and that it had been on the bucket when he left to grocery shop that afternoon.

{¶5} The lawn was dark. Evidently, at some point, someone had removed the cinderblock from the bucket, or it had fallen off. Mr. Wochele tripped over the cinderblock, falling on his face, and suffering injuries to his face and spine.

{¶6} Mr. Wochele filed an action against Veard December 10, 2013, that being Case No. 13-CV-002655. Veard answered, denying liability. Mr. Wochele dismissed this action without prejudice November 20, 2014. He filed the instant action, Case No. 15 CV 002018, November 19, 2015, and Veard again answered, denying liability. Veard had sold the apartment complex to Brightstone Trenton, LLC and BCG sales, LLC ("Brightstone"), which moved to intervene. The trial court granted the motion. Mr. Wochele amended his complaint to include Brightstone as a party defendant; Brightstone answered and cross claimed against Veard. Mr. Wochele dismissed Brightstone without prejudice, and Brightsone dismissed its cross claim without prejudice.

{¶7} Veard moved for summary judgment. Mr. Wochele opposed, and Veard replied. March 30, 2017, in a lengthy and thorough opinion, the trial court granted Veard summary judgment on all of Mr. Wochele's claims. He timely noticed this appeal, assigning a single error: "Reviewing appellees' motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of the appellant by granting the appellees' motion for summary judgment."

**{¶8}** "Summary judgment is a procedural tool that terminates litigation and thus should be entered with circumspection. *Davis v. Loopco Industries, Inc.*, 66 Ohio St.3d 64, 66, 1993 Ohio 195, *609 N.E.2d 144* (1993). Summary judgment is proper where (1) there is no genuine issue of material fact remaining to be litigated; (2) the movant is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and, viewing the evidence in the non-moving party's favor, that conclusion favors the movant. *See e.g.* Civ.R. 56(C).

**{¶9}** "When considering a motion for summary judgment, the trial court may not weigh the evidence or select among reasonable inferences. *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 121 (1980). Rather, all doubts and questions must be resolved in the non-moving party's favor. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 359 (1992). Hence, a trial court is required to overrule a motion for summary judgment where conflicting evidence exists and alternative reasonable inferences can be drawn. *Pierson v. Norfork Southern Corp.*, 11th Dist. No. 2002-A-0061, 2003-Ohio-6682, ¶36. In short, the central issue on summary judgment is, 'whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252 (1986). On appeal, we review a trial court's entry of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996)." (Parallel citations omitted.) *Meloy v. Circle K Store*, 11th Dist. Portage No. 2012-P-0158, 2013-Ohio-2837, ¶5-6.

4

{¶10} In *Harden v. Villas of Cortland Creek, LLC*, 11th Dist. Trumbull No. 2012-T-0088, 2013-Ohio-4629, ¶17-21, we stated:

{¶11} "This is a premises liability case. As the Court of Appeals, Tenth Appellate District recently observed:

{¶12} "'In order to establish actionable negligence in general, a plaintiff must show the existence of a duty, a breach of that duty, and injury proximately resulting therefrom. In cases specifically involving common-law premises liability, a property owner or occupier owes different duties of care to different classes of persons on the premises. Ohio law applies the typical common-law classifications of business invitee, licensee, and trespasser.

{¶13} "'Although the Ohio Supreme Court has never explicitly defined the status of residential tenants in an apartment complex, most premises-liability cases have assumed without discussion that residential tenants are invitees for these purposes, as are their guests. Property owners owe invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition, including an obligation to warn invitees of latent or hidden dangers so as to avoid unnecessarily and unreasonably exposing invitees to risk of harm. The property owner is not, however, an insurer of the invitee's safety for all purposes and against all hazards.

{¶14} "'Even if the facts otherwise might establish a breach of the duty owed to invitees, Ohio law places an additional burden on the plaintiff in a premises liability case. The "open-and-obvious" doctrine further limits the owner's duty to warn an invitee of those dangers on the premises that are either known to the invitee or so obvious and apparent to the invitee that he or she may reasonably be expected to discover them and

5

guard against them. The rationale for this doctrine is that, because the open-and-obvious nature of the hazard itself serves as a warning, the property owner may reasonably expect persons lawfully on the premises to discover the hazard and take appropriate measures to protect themselves. The open-and-obvious doctrine relates to the threshold question of whether the defendant had a duty towards the plaintiff.

{¶15} "'Open-and-obvious dangers are those that are not hidden, concealed from view, or undiscoverable upon ordinary inspection. A person need not actually observe the dangerous condition for it to be "open and obvious" under the law; the determinative issue is whether the condition is, under an objective standard, observable. Even in instances where the plaintiff did not actually notice the condition until after it had caused injury, we have concluded that no duty was breached if the plaintiff could have observed the dangerous condition with reasonable attention to his or her surroundings. In other words, the open-and-obvious doctrine focuses on the nature of the hazard itself, not on any party's particular conduct or subjective assessment of the hazard.' (Citations omitted.) *Thatcher v. Lauffer Ravines, LLC,* 10th Dist. Franklin No. 11AP–851, 2012–Ohio–6193, ¶10–13."

{¶16} In this case, Mr. Wochele, obviously, knew of the lamppost base. But that was not the hazard which caused his injury – that was the cinderblock, which had always been on top of the bucket covering the lamppost base, not beside it on the ground.

{¶17} However, the open and obvious doctrine still compels a decision in favor of Veard. "This court has held that darkness itself is an open and obvious danger, obviating any duty from a property owner to its invitees. *Swonger v. Middlefield Village*

6

*Apartments,* 11th Dist. Geauga No. 2003–G–2547, 2005–Ohio–941, ¶13. *Accord Jackson v. Bd. of Pike Cty. Commissioners,* 4th Dist. Pike No. 10CA805, 2010–Ohio–4875, ¶24." *Harden*, *supra*, at ¶26. Mr. Wochele was crossing the darkened lawn when he tripped.

**{¶18}** Further, before any duty on the part of a landlord is triggered, a plaintiff in a premises liability case must show the landlord had actual or constructive notice of the hazard. *Carter v. Forestview Terrace L.L.C.*, 8th Dist. Cuyahoga No. 103165, 2016-Ohio-5229, ¶16. Mr. Wochele has made no such showing. He could have deposed a representative of Veard, or submitted interrogatories, regarding their inspection schedule for the apartment complex, or whether any employee had noticed that the cinderblock was on the ground. He did not. And Mr. Wochele's own testimony establishes that the cinderblock was in place, on the bucket, when he left his apartment on the afternoon of December 11, 2011, six or seven hours before the accident. Without further information in the record, it is impossible to say whether Veard had actual or constructive notice of this hazard.

**{¶19}** Mr. Wochele argues that "attendant circumstances" create a genuine issue of material fact as to whether the open and obvious doctrine should apply in this case.

**{¶20}** "Attendant circumstances, however, can create an exception to the open and obvious doctrine and render summary judgment inappropriate. *Johnson v. Regal Cinemas, Inc.,* 8th Dist. Cuyahoga No. 93775, 2010-Ohio-1761, 2010 WL 1611010, ¶23. An 'attendant circumstance' is 'any significant distraction that would divert the attention of a reasonable person in the same situation and thereby reduce the amount

of care an ordinary person would exercise to avoid an otherwise open and obvious hazard.' *Haller v. Meijer, Inc.,* 10th Dist. Franklin No. 11AP–290, 2012-Ohio-670, 2012 WL 566655, ¶10; *Daher v. Bally's Total Fitness,* 11th Dist. Lake No. 2014–L–061, 2015-Ohio-953, 2015 WL 1138723, ¶27 (finding that the 'attendant circumstances' of a slip and fall may create a material issue of fact as to whether the danger was open and obvious). Such attendant circumstances include "'all facts relating to the event, such as time, place, surroundings or background and the conditions normally existing that would unreasonably increase the normal risk of a harmful result of the event.'" *Johnson,* quoting *Klauss v. Marc Glassman, Inc.,* 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, 2005 WL 678984, ¶20." *Carter*, *supra*, at ¶18.

**{¶21}** Unfortunately, Mr. Wochele points to no attendant circumstances in the record which might have diverted his attention. Thus, for instance, Ohio courts have found that carrying a pizza box, obstructing the plaintiff's view of the ground, may constitute an attendant circumstance when the plaintiff trips over an obstruction in the parking lot, when the parking lot belongs to a pizza parlor, since it can be expected that the box will obstruct view of the ground. *Gibson v. Leber*, 11th Dist. Lake Nos. 2013-L-041 and 2013-L-044, 2014-Ohio-4542, ¶11, citing *Jacobsen v. Coon Restoration & Sealants, Inc.*, 5th Dist. Stark No. 2011-CA-00001, 2011-Ohio-3563. In this case, Mr. Wochele was carrying grocery bags to his apartment from his car, a normal activity which Veard could expect. But his own testimony establishes his view of the ground was not impeded.

**{¶22}** Consequently, the trial court did not err in finding Veard owed no common law duty to Mr. Wochele.

8

{¶23} Mr. Wochele further contends the trial court erred in granting Veard summary judgment on his claims under the Ohio landlord-tenants act. Specifically, he cites to R.C. 5321.04(A), which sets forth certain duties owed by landlords to tenants. Violation of the duties set forth in R.C. 5321.04(A) is negligence per se. *Shroades v. Rental Homes, Inc.*, 68 Ohio St.2d 20, 25 (1981). R.C. 5321.04(A) provides, in relevant part:

{¶24} "(A) A landlord who is a party to a rental agreement shall do all of the following:

{¶25} "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

{¶26} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

{¶27} "(3) Keep all common areas of the premises in a safe and sanitary condition;

{¶28} "(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord[.]"

{¶29} We respectfully agree with the trial court that none of the duties apply in this case.

{¶30} For liability to attach pursuant to R.C. 5321.04(A)(1), a plaintiff must show that the landlord has violated a "building, housing, health, or safety code." *Lewis v. Wall*, 11th Dist. Ashtabula No. 2007-A-0048, 2008-Ohio-3387, ¶32. Mr. Wochele points to no such violation.

9

{¶31} The duty to "make all repairs * * * and keep the premises in fit and habitable condition" set forth at R.C. 5321.04(A)(2) is narrowly construed. *Lewis* at ¶33. The duty outlined refers to situations where there is defective wiring, or heating, or a lack of water, or vermin. *Id.* at ¶38, quoting *Taylor v. Alexander*, 11th Dist. Trumbull No. 3550, 1986 WL 7800, *3 (July 11, 1986). Thus, in *Taylor*, this court held that the lack of a handrail on a staircase was not a violation of R.C. 5321.04(A)(2). *Id.* Similarly, in this case, we do not find that the existence of a cinderblock on the lawn rendered the premises uninhabitable.

{¶32} Rather, to hold Veard liable under the statute, Mr. Wochele would need to show a violation of either R.C. 5321.04(A)(3) (the duty to keep common areas in a safe and sanitary condition), or R.C. 5321.04(A)(4) (the duty to maintain in good and safe working order all electrical * * *fixtures and appliances * * *supplied or required to be supplied). He can do neither.

{¶33} A landlord is not required to supply outdoor lighting. *Swonger*, *supra*, at ¶12. The hazard encountered by Mr. Wochele was not the lamppost base – it was the cinderblock. Thus, R.C. 5321.04(A)(4) cannot apply.

{¶34} Further, for liability to attach pursuant to R.C. 5321.04(A), a plaintiff must show the landlord had actual or constructive notice of the hazard. *Shroades*, *supra*, at 25-26; *see, e.g.*, *Sikora v. Wenzel*, 88 Ohio St.3d 493, 498. As we noted in analysis of Veard's common law liability, there is nothing in the record to show either type of notice.

{¶35} The trial court did not err in concluding Veard owed no duty to Mr. Wochele under R.C. 5321.04(A).

{¶36} The assignment of error lacks merit.

10

{¶37} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.