[Cite as *Goodman v. Dan Rich, L.L.C.*, 2021-Ohio-690.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STEVEN M. GOODMAN, ET AL.,　　　:

　　　Plaintiffs-Appellants,　　　:　　　No. 109581

　　　v.　　　:

DAN RICH, LLC, ET AL.,　　　:

　　　Defendants-Appellees.　　　:

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 11, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-906545

## *Appearances:*

Elk & Elk Co., Ltd., and Ian D. Fijalkovich, *for appellants*.

Gallagher Sharp LLP, and Thomas J. Cabral, *for appellees.*

SEAN C. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants Steven M. Goodman ("Goodman") and Patsy Goodman appeal the decision of the trial court that granted summary judgment in favor of defendants-appellees Dan Rich, LLC and Integrity Realty Group, LLC. Upon review, we affirm the decision of the trial court.

**Background**

{¶ 2} Appellants rented a single-family home on Brainard Road in Orange Village, Ohio. They began renting the home in February 2015. Appellants state that appellees Dan Rich, LLC and Integrity Realty Group, LLC were responsible for the ownership and maintenance of the property.

{¶ 3} The rental home had a brick-and-paver patio. In July 2016, which was four months before the trip-and-fall that led to this action, Goodman sent an email to his landlord listing several issues he was having with the premises.[1] In this email correspondence, Goodman indicated that "[t]he bricks on the back porch are falling down and the other day I fell when the wall collapsed and I sprained my ankle." In his deposition, Goodman explained that he tripped over a paver along the perimeter of the patio. After Goodman sent this email, Richard Brown, a management member and representative of appellees, met with Goodman to go over the issues and looked over the patio.

---

[1] Goodman's email was sent in response to a letter notifying appellants they were not current on their rent obligations and eviction proceedings would commence if the rent was not paid in full.

**{¶ 4}** Brown contacted a mason who inspected the property. The mason informed him the patio would not be worth repairing because of its age and condition, and the mason suggested addressing the project, whether it was to do an extensive repair or a replacement, in the spring. Brown conceded in his deposition that it was an old patio that needed maintenance, that it was a matter of structural integrity, and that there potentially were safety concerns.

**{¶ 5}** Goodman allegedly fell again on the patio in November 2016 when he stepped up on the brick-and-paver patio at the rear of the rental property.[2] According to Goodman, as he stepped onto the patio, one of the pavers at the very edge came loose, causing him to fall over backwards onto the ground. He claims that he suffered serious physical injuries from the fall. In his deposition, Goodman stated that it was daylight, he was not carrying anything, and he was not distracted. He did not testify to any attendant circumstances. He indicated that "[w]e like to grill out and hang out as a family on Friday, Saturday evenings." Goodman admitted in his deposition that he had knowledge "there were loose bricks on the patio" and that he "knew some were loose."

**{¶ 6}** On November 6, 2018, appellants filed a complaint for money and declaratory judgment against appellees.[3] In their complaint, appellants allege that

---

[2] Appellees claim that appellants had been sent another three-day notice of eviction at this time.

[3] The complaint also named as defendants Travelers Property Casualty Company of America ("Travelers") and John Does 1 through 5. Travelers was dismissed from the action without prejudice, and the trial court issued an order dismissing John Does 1-5 for want of prosecution after service was not made.

appellees were negligent in the maintenance, care, and/or control of the patio by creating and allowing a hazard and for failing to warn appellants of the dangerous condition of the patio. The complaint raises claims for common-law negligence and for violations of statutory duties imposed by R.C. 5321.04 under Ohio's Landlord-Tenant Act.

{¶ 7} Appellees filed an answer, and discovery occurred. Thereafter, appellees filed a motion for summary judgment claiming they were entitled to summary judgment on both the common-law negligence claims and the claims for violations of Ohio's Landlord-Tenant Act. Appellees argued that appellants were aware that the patio contained bricks that were uncemented to the base of the patio around its perimeter, that Goodman had actual knowledge of the open-and-obvious danger, and that appellees owed no duty to appellants under the particular facts of the case. Appellees further argued that the record did not support any claims of negligence per se for a violation of R.C. 5321.04(A)(1) or (2).

{¶ 8} Appellees' motion was opposed by appellants. Appellants argued that appellees failed to comply with R.C. 5321.04(A)(1) and (2) and were negligent per se by having an unsafe patio at the rental property that (1) did not comply with the Residential Code of Ohio for One-, Two-, and Three-Family Dwellings ("the RCO") or acceptable safety standards, and (2) violated their duty to repair. Appellants filed an affidavit of Richard L. Zimmerman, a registered architect, who opined the brick-and-paver patio violated the RCO and accepted industry safety standards because "it was not maintained to be safe; it was not positively anchored to the primary

structure; it was not capable of supporting the minimum required uniformly distributed live load; and for other reasons." In his report, which was incorporated into his affidavit, Zimmerman opined that the "incident deck/patio" did not comply with certain sections of the RCO and violated R.C. 5321.04(A)(1) and (2). Zimmerman also opined that the landlord did not make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition. He further opined that the landlord's violations proximately caused Goodman's fall and injuries.

{¶ 9} On February 10, 2020, the trial court granted appellees' motion for summary judgment. In considering the common-law negligence claims, the trial court recognized appellees' arguments that Goodman had testified in his deposition that he had knowledge that some bricks were loose on the patio prior to his November 2016 fall, he had previously sprained his ankle when he tripped over a brick on the patio in July 2016, and he reported the dangerous condition of the patio to appellees via email on July 22, 2016. Further, the court recognized that appellants did not claim any attendant circumstances existed. In considering the claims for violations of Ohio's Landlord-Tenant Act, the trial court determined there was nothing in the record to suggest the premises were not kept in a fit and habitable condition or that any violation materially affected the tenants' health and safety. The court recognized that appellants continued to access the patio even after Goodman had sprained his ankle. The court also found plaintiffs' expert report was insufficient to establish a violation under R.C. 5321.04 and determined plaintiffs'

expert had interchangeably used the term "deck/patio" when the language of the RCO does not mention patios. The court granted summary judgment in favor of appellees upon finding appellants failed to present evidence that the condition of the patio was not an open-and-obvious condition and failed to demonstrate appellees violated their statutory duty under R.C. 5321.04. This appeal followed.

**Law and Analysis**

{¶ 10} Appellants raise two assignments of error for our review. Under the first assignment of error, appellants claim the trial court erred in granting summary judgment with respect to their claims under Ohio's Landlord-Tenant Act. Under the second assignment of error, appellants claim the trial court erred in finding the loose patio brick that caused Goodman's fall was an open-and-obvious condition with respect to their common-law negligence claims.

{¶ 11} Appellate review of summary judgment is de novo, governed by the standard set forth in Civ.R. 56. *Argabrite v. Neer*, 149 Ohio St.3d 349, 2016-Ohio-8374, 75 N.E.3d 161, ¶ 14. Summary judgment is appropriate "only when [1] no genuine issue of material fact remains to be litigated, [2] the moving party is entitled to judgment as a matter of law, and, [3] viewing the evidence in the light most favorable to the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *Id.*, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12.

**{¶ 12}** In their complaint, appellants raised claims for both common-law negligence and negligence per se for violations of R.C. 5321.04 under Ohio's Landlord-Tenant Act. We shall review both types of claims.

### A. Common-law negligence claims

**{¶ 13}** To prevail on a negligence claim, a party must show the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach. *Robinson v. Bates*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 21, citing *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The open-and-obvious doctrine, which is based on a common-law duty to warn invitees of latent or hidden dangers, remains viable in Ohio. *Id.*, citing *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 11. Pursuant to the open-and-obvious doctrine, "a premises-owner owes no duty to persons entering [the] premises regarding dangers that are open and obvious." *Armstrong* at ¶ 5, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus. The rationale behind the "open and obvious" doctrine is that "the open and obvious nature of the hazard itself serves as a warning" and "the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Id.*, quoting *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). "When applicable * * * the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims." *Id.*

{¶ 14} Appellants argue that although some of the pavers on the patio may have been loose, there is no evidence that Goodman previously traversed the loose paver on which he allegedly fell, and the paver was in a different area of the patio from his previous fall. They further argue that there is an issue of fact as to whether appellees had superior knowledge of the defect because they had the patio independently inspected and never communicated to appellants that the patio needed extensive repair. We are not persuaded by these arguments.

{¶ 15} By his own admission, Goodman conceded his knowledge that the patio contained some loose pavers. He tripped over a perimeter paver four months earlier and provided notice to the landlord that "[t]he bricks on the back porch are falling down and the other day I fell when the wall collapsed and I sprained my ankle." The record shows that despite the known risk of danger posed by the condition of the patio, Goodman continued to utilize the patio and did not take appropriate measures to protect himself from the hazard. That Goodman fell on a different perimeter paver than before and that he was not aware of the extent of repairs needed does not obviate his knowledge of the open-and-obvious nature of the overall hazardous condition of the patio. *See Primavera v. Guthrey*, 3d Dist. Marion No. 9-96-11, 1996 Ohio App. LEXIS 2830, 6-7 (June 24, 1996) (finding awareness of each specific hazard was not required when the appellant admitted she was aware that some of the walkway floor boards had rotted and that there were no guardrails). Although appellants claim the appellees had superior knowledge of the condition of the patio after it was inspected, the record demonstrates that they had

the same knowledge of the condition that allegedly caused Goodman's fall. Accordingly, we find that the open-and-obvious doctrine applies to bar the common-law negligence claims.

## B. Negligence Per Se/Ohio's Landlord-Tenant Act claims

{¶ 16} Appellants also raised negligence per se claims for violations of Ohio's Landlord Tenant Act arising from appellees' alleged failure to fulfill duties imposed under R.C. 5321.04. The open-and-obvious doctrine does not apply to a landlord's violation of statutory duties. *Mann v. Northgate Investors, L.L.C.*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, ¶ 33; *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, ¶ 25.

{¶ 17} The Supreme Court of Ohio has held that "a landlord's violation of the duties imposed by R.C. 5321.04(A)(1) and (2) constitutes negligence per se." *Robinson* at ¶ 23, citing *Sikora v. Wenzel*, 88 Ohio St.3d 493, 498, 727 N.E.2d 1277 (2000). However, proximate cause and damages still must be shown. *Wenzel* at 498. It also must be shown that the landlord received notice of the defective condition, that the landlord knew of the defect, or that the tenant made reasonable, but unsuccessful, attempts to notify the landlord. *Shroades v. Rental Homes*, 68 Ohio St.2d 20, 25-26, 427 N.E.2d 774 (1981).

{¶ 18} R.C. 5321.04(A) provides in relevant part:

> A landlord who is a party to a rental agreement shall do all of the following:

> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]

R.C. 5321.04(A)(1)-(2). Appellants argue that there are genuine issues of material fact as to whether appellees violated each of these sections.

### 1. R.C. 5321.04(A)(1)

{¶ 19} R.C. 5321.04(A)(1) requires a landlord to "[c]omply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety." The plain language of R.C. 5321.04(A)(1) imposes a duty upon landlords to comply with the applicable "codes that materially affect health and safety." The Supreme Court of Ohio has stated that "the statute requires landlords to conform to a particular standard of care, the violation of which constitutes negligence *per se*." *Sikora*, 88 Ohio St.3d at 498, 727 N.E.2d 1277.

{¶ 20} In this case, Goodman's deposition testimony reflects that he continued to routinely use the patio to grill out and socialize, even after falling on the patio in July 2016. However, Brown conceded in his deposition that it was an old patio that needed maintenance, that it was matter of structural integrity, and that there were potential safety concerns. Goodman allegedly fell on the patio and was injured. Nevertheless, for a violation to arise under R.C. 5321.04(A)(1), the landlord must fail to comply with an applicable building, housing, health, or safety code that materially affects health and safety.

{¶ 21} Appellants' expert, Zimmerman, opined in his affidavit that the RCO applies to the incident patio and that the patio involved in Goodman's fall was in

violation of the RCO because "it was not maintained to be safe; it was not positively anchored to the primary structure; it was not capable of supporting the minimum required uniformly distributed live load; and for other reasons."  In his report, Zimmerman states the following sections of the RCO are applicable:[4]

**102.7 Existing structures.** The provisions of section 113 shall control the alteration, repair, addition, maintenance, and change of occupancy of any existing structure.  * * *

**113.2 Maintenance.** Residential buildings, structures and the building equipment shall be maintained in a safe and sanitary condition and in accordance with the condition(s) established in current and any previous plan approvals and certificates of occupancy. * * * The owner or the owner's designated agent shall be responsible for the maintenance.

**301.5 Live load.**  The minimum uniformly distributed live load shall be as provided in Table 301.5.  [Balconies (exterior) and decks 40 pounds per square foot].

**311.5 Landing, deck, balcony and stair construction and attachment**.  Exterior landings, decks, balconies, stairs and similar facilities shall be positively anchored to the primary structure to resist both vertical and lateral forces or shall be designed to be self-supporting.  Attachment shall not be accomplished by use of toenails or nails subject to withdrawal.

When Zimmerman determined that "the incident deck/patio" did not comply with the above sections and violated the RCO, he attempted to equate a patio to a deck under the code provisions.

{¶ 22} The interpretation of statutory terms and code provisions is a question of law for the court to determine.  *Dawson v. Williamsburg of Cincinnati*

---

[4] Zimmerman states that he also reviewed the Codified Ordinances of Orange Village, Ohio, but he does not list any violation of those ordinances.

*Mgt. Co.*, 1st Dist. Hamilton No. C-981022, 2000 Ohio App. LEXIS 322, 6 (Feb. 4, 2000); *see also Satterfield v. Ameritech Mobile Communications, Inc.*, 155 Ohio St.3d 463, 2018-Ohio-5023, 122 N.E.3d 144, ¶ 16, citing *State v. Pariag*, 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9. "Although expert testimony may be useful 'to establish breach of a standard created by statute or rule, such testimony is not admissible to interpret statutory terms which create the standard.'" *Dawson* at 6, quoting *Nicholson v. Turner*, 107 Ohio App.3d 797, 669 N.E.2d 529 (10th Dist.1995). Furthermore, while we agree with appellants that expert testimony alone may be sufficient to create a factual issue that prevents summary judgment, this is not always the case. A court, not an expert witness, must interpret statutory provisions. *See Kraynak v. Youngstown City School Dist. Bd. of Edn.*, 118 Ohio St.3d 400, 2008-Ohio-2618, 889 N.E.2d 528, ¶ 20-21 (finding trial court abused its discretion in allowing expert to interpret what a statute requires).

{¶ 23} The RCO includes general provisions that state its scope and intent in relevant part as follows:

> **101.2 Scope.** The provisions of the "Residential Code of Ohio for One, Two-, and Three-Family Dwellings" shall apply to the construction, alteration, movement, enlargement, replacement, repair, equipment, use and occupancy, location, maintenance, removal, and demolition of every one-, two-, or three-family dwelling, any appurtenances connected or attached to such buildings or structures, or any accessory structure incidental to that dwelling house * * *.

> **101.3 Intent.** The purpose of this code is to establish uniform minimum requirements for the erection, construction, repair, alteration, and maintenance of residential buildings, including construction of industrialized units. Such requirements shall relate to

the conservation of energy, safety, and sanitation of buildings for their intended use and occupancy * * *.

{¶ 24} The clear language of the RCO reflects that it is intended to apply to residential buildings or structures containing one-, two-, or three-family dwelling units, any appurtenances connected or attached to such buildings or structures, or any accessory structure incidental to that dwelling. The brick-and-paver patio is not a dwelling, an appurtenance that is connected or attached to such building or structure, or an accessary structure. Under Section 202, a "dwelling" is defined in terms of a "building that exclusively contains one, two, or three dwelling units"; and an "accessory structure" is defined as "[a] building, the use of which is incidental to that of the dwelling(s) and which is located on the same lot." We find as a matter of law that the RCO does not apply to a brick-and-paver patio.

{¶ 25} Moreover, the code sections referenced by Zimmerman cannot be said to apply in this case. Section 113.2 of the RCO requires "[r]esidential buildings, structures * * * shall be maintained in a safe and sanitary condition * * *." A brick-and-paver patio is not a residential building or structure containing any dwelling units. Section 301.5 of the RCO sets forth the minimum uniformly distributed live load for "[b]alconies (exterior) and decks" of 40 pounds per square foot. This provision does not include patios. Section 311.5 of the RCO requires attachment of "[e]xterior landings, decks, balconies, stairs and similar facilities" to the primary structure and sets forth the required methods for attachment. The brick-and-paver patio cannot be said to be a "similar structure" to a landing, deck, or balcony that is

attached to the primary dwelling structure. Rather, the brick-and-paver patio is a detached, adjoining, paved outdoor space. *See* Merriam-Webster Online, https://www.merriam-webster.com/dictionary/patio (accessed Feb. 15, 2021).

{¶ 26} Because appellants have failed to cite any applicable building, housing, health, or safety codes, they have failed to establish a violation of R.C. 5321.04(A)(1). *See Arnett v. Mong*, 2016-Ohio-2893, 65 N.E.3d 72, ¶ 14 (12th Dist.). This case is distinguishable from *Scott v. Kirby*, 6th Dist. Lucas No. L-05-1287, 2006-Ohio-1991, cited by appellants, wherein the applicable section of the Toledo Municipal Code contained a requirement for the landlord to install structurally sound handrails on the steps of a front porch. *Id.* at ¶ 28-32. Similarly, *Harris v. Richmond Park Apts.*, 8th Dist. Cuyahoga No. 84067, 2004-Ohio-4081, is distinguishable. In *Harris*, the court found there were applicable building code sections with requirements for handrails on stairways and then determined that whether the absence of a handrail materially affected health and safety was a question for the jury under the facts presented. *Id.* at ¶ 20-22.

{¶ 27} Here, the plain language of the RCO reflects that the provisions cited by Zimmerman in his report are not applicable to the brick-and-paver patio on which Goodman allegedly fell. Therefore, the evidence does not support appellants' claim under R.C. 5321.04(A)(1). *See Gress v. Wechter*, 6th Dist. Huron No. H12023, 2013-Ohio-971, ¶ 18-19 (finding a claim under R.C. 5321.04(A)(1) failed when the plain language of the municipal building code did not mandate the roof be equipped with gutters and downspouts). As a matter of law, appellants have failed to

demonstrate that appellees breached their statutory duty under R.C. 5321.04(A)(1) and summary judgment is warranted on this claim.

### 2. R.C. 5321.04(A)(2)

{¶ 28} R.C. 5321.04(A)(2) requires a landlord to "[m]ake all repairs *and* do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition." (Emphasis added.) Under R.C. 5321.04(A)(2), "a plaintiff must first establish that a defective condition exists on the premises which renders it unfit or uninhabitable." *Gress* at ¶ 20. R.C. 3521.04(A)(2) is narrowly construed. *Wochele v. Veard Willoughby L.P.*, 11th Dist. Lake No. 2017-L-062, 2017-Ohio-8807, ¶ 31, citing *Lewis v. Wall*, 11h Dist. Ashtabula No. 2007-A-0048, 2008-Ohio-3387, ¶ 33.

{¶ 29} Contrary to appellants' argument, the Supreme Court of Ohio in *Robinson*, 112 Ohio St.3d 17, 2006-Ohio-6362, 857 N.E.2d 1195, did not determine that the duty to repair is a separate requirement from keeping the premises in a fit and habitable condition. The plain language of R.C. 5321.04(A)(2) reflects otherwise. Further, the Supreme Court did not hold that the determination of whether the landlord breached the statutory duty is always a question for the jury. *See Lilly v. Bradford Invest. Co.*, 10th Dist. Franklin No. 06AP-1227, 2007-Ohio-2791, ¶ 23.

{¶ 30} In *Robinson*, the landlord hired a contractor to do repair work on a deteriorating retaining wall on the side of the driveway of the residence the plaintiff was renting, and a concrete footer was exposed. *Id.* at ¶ 2. The plaintiff was injured when she stepped onto an uneven slab in the driveway. *Id.* Upon the testimony and

evidence presented in the case, the Supreme Court found that a jury should have decided if the landlord used reasonable care to repair the retaining wall or breached a statutory duty to repair. *Id.* at ¶ 24.

{¶ 31} Although *Robinson* did not specifically consider the fit and habitable condition component of R.C. 5321.04(A)(2), this does not mean it is unrelated to the duty to repair. Rather, as the Supreme Court of Ohio recognized in *Mann*, 138 Ohio St.3d 175, 2014-Ohio-455, 5 N.E.3d 594, at ¶ 32, the duty imposed under R.C. 5321.04(A)(2) requires the landlord to "do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition[.]" Ordinarily, the duty imposed under R.C. 5321.04(A)(2) refers to situations where there is defective wiring, lack of water or heat, or vermin infestations, and does not include such items as missing handrails or the existence of a cinderblock on a lawn. *Wochele*, 11th Dist. Lake No. 2017-L-062, 2017-Ohio-8807, at ¶ 31, citing *Taylor v. Alexander*, 11th Dist. Trumbull No. 3550, 1986 Ohio App. LEXIS 7530, 8 (July 11, 1986); *Pedra Props.*, 8th Dist. Cuyahoga No. 102909, 2015-Ohio-5427, at ¶ 20. In *Aldridge v. Englewood Village, Ltd.*, 2d Dist. Montgomery No. 10251, 1987 Ohio App. LEXIS 8232, 8 (July 22, 1987), the court found that a threshold rise of one and one-quarter inch over which a tenant fell and was injured did not make the premises unfit or uninhabitable.

{¶ 32} In this case, the evidence in the record shows that no repairs were made to the patio from the time appellees received notice regarding the condition of the patio in July 2016 until the date in November 2016 when Goodman allegedly fell

on the patio and was injured. However, reasonable minds could not determine that repairs to the patio were reasonably necessary to put and keep the premises in a fit and habitable condition. In this regard, there is no evidence to demonstrate a defective condition that rendered the premises unfit and unhabitable. Rather, the record clearly demonstrates that appellants continued to routinely use the patio and that the premises remained fit and habitable. As a matter of law, appellants have failed to demonstrate appellees failed to comply with a statutory duty under R.C. 5321.04(A)(2) and summary judgment is warranted on this claim.

**Conclusion**

{¶ 33} Having reviewed the record in this case, we find no genuine issue of material fact remains to be litigated, appellees are entitled to judgment as a matter of law, and viewing the evidence most strongly in favor of appellants, reasonable minds can reach a conclusion only in favor of the moving party. Accordingly, we conclude appellees are entitled to summary judgment on all claims.

{¶ 34} Judgment affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, A.J., and
EILEEN A. GALLAGHER, J., CONCUR