[Cite as *Brazzil v. RSH 506, L.L.C.*, 2025-Ohio-1581.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Gregory W. Brazzil | Court of Appeals No. L-24-1158 |
| Appellant | Trial Court No. CVG-23-13760 |
| v. | |
| RSH 506 LLC d/b/a Canyon Cove Villas and Townhomes | **DECISION AND JUDGMENT** |
| Appellee | Decided:  May 2, 2025 |

* * * * *

Jake Sadilek, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Gregory Brazzil, appeals the Toledo Municipal Court Housing Division's June 9, 2024 judgment dismissing his rent escrow action and releasing his deposited rent payments to appellee-landlord Canyon Cove Villas and Townhomes ("Canyon Cove").  Based on the foregoing, the judgment is reversed.

## I. Facts and Procedural History

{¶ 2} On September 29, 2023, Brazzil filed a rent escrow application and affidavit requesting that the trial court order Canyon Cove to correct various issues on the property. Brazzil stated that he had been communicating with Canyon Cove for the past year-and-a-half in an attempt to have the problems repaired.

{¶ 3} Brazzil attached the January 13, 2023 letter he sent to Canyon Cove with a list of ongoing problems and an affidavit refiled from a prior rent escrow action. He claimed that Canyon Cove's failure to remedy a furnace venting problem caused the apartment's temperature to stall at 60 degrees and that the failure to repair the broken lock on the back patio door allowed the lock to be "jimmied" even with the stop-bar in place. Brazzil additionally claimed that flooding under the foundation caused water to puddle and the ground to be saturated. He acknowledged that it "was more of a long-term issue for someone else."

{¶ 4} On November 17, 2023, the magistrate ordered Canyon Cove to address the issues in the application prior to the December 14, 2023 hearing. At the December hearing, the magistrate referred the matter to the housing specialist for inspection and requested a report by January 30, 2024.

{¶ 5} Both parties moved for a continuance. Brazzil stated that as of January 20, 2024, he had not been contacted by the inspector and that he would need time to review any report and confer with counsel. The magistrate granted the motion. At the March 26

2.

hearing, the parties discussed the fact that the property had neither been inspected nor had an inspector contacted Brazzil. The magistrate rescheduled the hearing for April 18.

{¶ 6} The day of the April 18 hearing, Brazzil filed a motion for a directed verdict. Brazzil argued that Canyon Cove continually failed to secure an inspection by the housing inspector as requested by the court. He requested a $6,000 award representing case-related expenses and compensation for "the continued unreasonable living conditions" as the property is in worse condition than originally alleged. Brazzil attached multiple, unauthenticated photographs of an apparent rodent infestation.

{¶ 7} During the hearing, Canyon Cove's attorney explained that Brazzil filed two prior rent escrow cases that had been ruled upon and based on those cases, he asked that the matter be dismissed. Alternatively, Canyon Cove had no objection to an inspection of the property. The magistrate set an additional hearing date to allow Canyon Cove to respond to Brazzil's motion and to get an inspector to the property.

{¶ 8} On June 3, 2024, the magistrate denied Brazzil's motion and dismissed the application finding that "plaintiff's claims do not fall under habitability issues." The magistrate denied the request for an inspection and released the rent on deposit to Canyon Cove minus court costs. On June 9, the court adopted the magistrate's decision.

{¶ 9} This appeal followed.

3.

## II. Assignments of Error

{¶ 10} Brazzil raises three assignments of error on appeal:

I. The trial court committed plain error with its adoption of the magistrate's entry, which, in clear contradiction to the record and despite uncontroverted evidence, disposed of CVG-23-13760 absent support for the finding that "[plaintiff's] claims do not fall under habitability issues."

II. The trial court ruled against the manifest weight of the evidence by entering the order as appellant sufficiently pled a claim for relief under R.C. 5321.07 and R.C. 5321.07.

III. The trial court erred as a matter of law by adopting the magistrate's interpretation of R.C. 5321 limiting tenant relief to "habitability" claims, contrary to the statute's plain language, purpose, and scope.

## III. Analysis

{¶ 11} The court first addresses Brazzil's third assignment of error as it is dispositive. "The interpretation and application of a statute is a question of law subject to de novo review." *Kerger & Hartman, L.L.C. v. Ajami*, 2015-Ohio-5157, ¶ 39 (6th Dist.). Thus, an appellate court does not defer to the trial court's determination. *Id.*, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721 (9th Dist. 2001).

{¶ 12} The General Assembly enacted R.C. Chapter 5321, the Landlord-Tenant Act "'in an attempt to balance the competing interests of landlords and tenants.'" *Mann v. Northgate Investors, L.L.C.*, 2014-Ohio-455, ¶ 10, quoting *Shroades v. Rental Homes, Inc.*, 68 Ohio St.3d 20, 24-25 (1981). The Act imposes various duties on landlords and provides tenants with redress for breaches of those duties. *Holman v. White Pond Villa*

*Apts.*, 2023-Ohio-2221, ¶ 11 (9th Dist.), quoting *Miller v. Ritchie*, 45 Ohio St.3d 222, 224 (1989).

{¶ 13} The Act requires a landlord to do all of the following:

(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

(3) Keep all common areas of the premises in a safe and sanitary condition;

(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by the landlord;

(5) When the landlord is a party to any rental agreements that cover four or more dwelling units in the same structure, provide and maintain appropriate receptacles for the removal of ashes, garbage, rubbish, and other waste incidental to the occupancy of a dwelling unit, and arrange for their removal;

(6) Supply running water, reasonable amounts of hot water, and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection;

(7) Not abuse the right of access conferred by division (B) of section 5321.05 of the Revised Code;

(8) Except in the case of emergency or if it is impracticable to do so, give the tenant reasonable notice of the landlord's intent to enter and enter only at reasonable times. Twenty-four hours is presumed to be a reasonable notice in the absence of evidence to the contrary.

(9) Promptly commence an action under Chapter 1923. of the Revised Code, after complying with division (C) of section 5321.17 of the Revised Code, to remove a tenant from particular residential premises, if the tenant fails to vacate the premises within three days after the giving of the notice required by that division and if the landlord has actual knowledge of or has reasonable cause to believe that the tenant, any person in the tenant's household, or any person on the premises with the consent of the tenant previously has or presently is engaged in a violation as described in

division (A)(6)(a)(i) of section 1923.02 of the Revised Code, whether or not the tenant or other person has been charged with, has pleaded guilty to or been convicted of, or has been determined to be a delinquent child for an act that, if committed by an adult, would be a violation as described in that division. Such actual knowledge or reasonable cause to believe shall be determined in accordance with that division.

(10) Comply with the rights of tenants under the Servicemembers Civil Relief Act, 117 Stat. 2835, 50 U.S.C. App. 501.

R.C. 5321.04(A). Under R.C. 5321.07, if a landlord fails to fulfill the above obligations a tenant may, after giving the landlord appropriate notice and opportunity to remedy, deposit all rent due with the clerk of the municipal court. A landlord can apply for release of the rent under three conditions: (1) the condition has been remedied; (2) the tenant failed to property notify the landlord; or (3) the landlord did not violate any obligation under R.C. 5321.04. R.C. 5321.09.

{¶ 14} Courts have interpreted the habitability language in R.C. 5321.04(A)(2) to include "'such defects as lack of water or heat, faulty wiring or vermin infestations'" rendering the premises uninhabitable. *Gress v. Wechter*, 2013-Ohio-971, ¶ 20 (6th Dist.), quoting *Avila v. Gerdenich Realty Co.*, 2007-Ohio-6356, ¶ 9 (6th Dist.); *see also Goodman v. Dan Rich*, *LLC*, 2021-Ohio-690, ¶ 28 (8th); *Wochle v. Veard Willoughby Ltd. Partnership*, 2017-Ohio-8807, ¶ 31 (11th Dist.).

{¶ 15} The duties under R.C. 5321.04, however, are not limited to issues regarding habitability. For example, in *St. Germain v. Newell*, 2015-Ohio-3713, ¶ 27-30 (3d Dist.), the Third District Court of Appeals clarified that the lack of a handrail is not a habitability issue under R.C. 5321.04(A)(2) but may fall under the R.C. 5321.04(A)(3)

6.

requirement that a landlord maintain common areas. Also, a tenant may recover for a landlord's unannounced entries into the tenant's apartment in contravention of R.C. 5321.04(A)(8). *T.K.D. Ent. v. Zimmerman*, 1998 WL 380496 (4th Dist. July 2, 1998). Further, in *Howard v. Simon*, 18 Ohio App.3d 14, 16 (8th Dist. 1984), the court determined that the landlord violated R.C. 5321.04(A)(4), requiring a landlord to keep heating fixtures and appliances in "good and safe working order," where he refused to turn on the air conditioning where the outside temperature was 75 or below, despite the 84-degree temperature in the tenant's apartment.

{¶ 16} Here, Brazzil alleged: "When the weather was at its coldest, we could barely get the furnace to heat the unit to 60 degrees." Brazzil contends that "the furnace fix that was attempted lasted for only one day[.]" Accordingly, Brazzil presented a colorable claim under R.C. 5321.04, that Canyon Cove breached its duty to repair and maintain his furnace.

{¶ 17} Based on the foregoing, the trial court erred as a matter of law by summarily dismissing the action based on Brazzil's failure to allege a "habitability" claim. Brazzil's third assignment of error is well-taken. Based upon our disposition of Brazzil's third assignment of error, his first and second assignments of error are moot and not well-taken.

7.

## IV. Conclusion

**{¶ 18}** Based on the foregoing, the judgment of the Toledo Municipal Court, Housing Division, is reversed and the matter is remanded for consideration of Brazzil's claims on the merits. Pursuant to App.R. 24, Canyon Cove is ordered to pay the costs of this appeal.

Judgment reversed<br>and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

| | |
|---|---|
| Gene A. Zmuda, J. | |
| | JUDGE |
| Myron C. Duhart, J. | |
| | JUDGE |
| Charles E. Sulek, P.J.<br>CONCURS. | |
| | JUDGE |

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.