DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, wherein the trial court granted appellee's motion for summary judgment. Appellant, Carolyn Scott, asserts the following assignments of error:
 {¶ 2} "The trial court erred as a matter of law by granting appellee's motion for summary judgment and by not finding appellee negligent per se."
 {¶ 3} "The trial court erred as a matter of law by granting appellee's motion for summary judgment and by holding that appellant did not prove that the lack of a handrail was a proximate cause of her fall and that appelleant's [sic] prior knowledge of the defective condition precluded appellee's liability."
 {¶ 4} Appellee, Kevin Kirby, owns residential rental property located at 1043 Indiana Avenue, Toledo, Lucas County, Ohio. Appellee, in his deposition, testified the property, consisting of an upper and lower apartment, was renovated and inspected prior to the time that he leased the lower unit to appellant's sister, Carrie Scott. However, appellee also admitted that he did not repair or replace either the front porch of the lower unit or the steps to the front porch of that unit.
 {¶ 5} Appellant's deposition testimony reveals the following pertinent facts.
 {¶ 6} On July 4, 2002, appellant attended a family reunion, which was held, in part, at her sister's home. Appellant was one of the first members of her family to arrive at Carrie's residence. After helping her sister set up lawn chairs in the back yard, appellant walked through the residence and stood on the wood front porch.
 {¶ 7} As she was standing on the porch, appellant saw relatives who lived in another state pass by in their van. Appellant started waving to them so that they would know that they were in front of Carrie's home. Appellant intended to greet her relatives and started to step off the porch. Appellant averred that the edge of the porch "crumbled," "chipped away," or "broke" causing her left foot to give way. Appellant added that because there were no handrails on the steps, she had to use her right leg to try to balance herself by placing her foot on the top step. She maintained that the "slipperiness" of the steps led to twisting of her right leg and resulting fractured ankle. On a photograph of the steps that was taken facing the front porch, appellant circled a dark area at the edge of the porch that she claimed "gave way" or broke "a piece off" and led to her fall. As a result of the fall, appellant suffered a bi-malleolar fracture of the right ankle that required two surgeries and, subsequently, physical therapy.
 {¶ 8} On June 30, 2004, appellant filed a negligence action against appellee. In her complaint, appellant alleged that her fall was caused by "a latent defect and the negligent deterioration'' of the steps to Carrie's front porch. Appellee answered and, after discovery, filed a motion for summary judgment. The motion was supported by both appellant's and appellee's depositions.
 {¶ 9} In his motion for summary judgment appellant argued that, no matter how appellant's fall occurred, any defect in the porch or steps was "open and obvious." Appellee further asserted that appellant previously visited Carrie's residence, walked on the porch "about four times," and discussed Carrie's concerns about the condition of the porch on a number of occasions. Therefore, he argued that appellant had notice of any alleged defect in the porch and/or steps.
 {¶ 10} In her memorandum in opposition to the motion for summary judgment, appellant argued that appellee violated Ohio Landlord Tenant Law, as codified in R.C. Chapter 5321, by failing to comply with the building code of the city of Toledo. Appellant contended that this failure constituted negligence per se. She further contested the allegation that she had notice of the defect(s), and maintained that the open and obvious doctrine does not negate a landlord's statutory duties to his tenants. In the alternative, she asserted that the danger was not open and obvious because, while standing on the porch looking down, she could not discern any defect in the porch and steps.
 {¶ 11} Appellant offered her affidavit in support of her memorandum in opposition in which she avowed, inter alia:
 {¶ 12} "3. When I started to step down from the porch, my foot gave way. I attempted to gain my balance with my other foot, but I lost my footing, as the steps were covered with loose, crumbled pieces of concrete.
 {¶ 13} "4. The steps did not have a handrail, which would have helped prevent my fall and subsequent injuries."
 {¶ 14} On August 3, 2005, the common pleas court granted appellee's motion for summary judgment. The court below first recognized that a landlord owes the same duties to a person lawfully on the leased property as he does to his tenant. The court also acknowledged the fact that a landlord's violation of his statutory duties under R.C. 5321.04 was negligence per se. However, citing a case decided by this court, the court then pointed out, in essence, that negligence per se does not equal liability per se in that the plaintiff must still prove that the statutory violation was the proximate cause of the injury. The court then held:
 {¶ 15} "Thus [sic] because Scott knew of the condition of the steps and can not [sic] show the lack of a handrail was the proximate cause of this fall [sic] this court finds Kirby's motion for summary judgment should be granted."
 {¶ 16} Because our review of the grant of summary judgment is de novo, the standard of review applicable to appellant's assignments of error is found in Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105. Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 17} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." See, also, Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 18} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the nonmoving party bears the burden of offering specific facts to show a genuine issue for trial. Id.
 {¶ 19} Before addressing appellant's assignments of error, we shall first discuss the law that is dispositive of this cause.
 {¶ 20} To overcome summary judgment on a claim of negligence, a plaintiff must show a duty and that a breach of that duty is the direct and proximate cause of an injury. Chambers v. St.Mary's School (1998), 82 Ohio St.3d 563, 565. R.C. 5321.04(A) imposes statutory duties on a landlord who is a party to a rental agreement to, among other things:
 {¶ 21} "(1) * * * comply with the requirements of all applicable building, housing, health, and safety codes that material affect health and safety;
 {¶ 22} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;"
 {¶ 23} These same duties are extended to any person who is lawfully on the leased premises. Shump v. FirstContinental-Robinwood Assoc. (1994), 71 Ohio St.3d 414, syllabus. A landlord's violation of the duties in R.C. 5321.04(A) constitutes negligence per se. Sikora v. Wenzel (2000),88 Ohio St.3d 493, 2000-Ohio-406, syllabus. See, also, Shroades v.Rental Homes, Inc. (1981), 68 Ohio St.2d 20, 25. Moreover, the open and obvious doctrine, which concerns the existence of a landlord's duty, is not applicable in a case where that duty is explicitly imposed by a statute. Robinson v. Bates,
160 Ohio App.3d, 2005-Ohio-1879, at ¶ 15. Nevertheless, "[n]egligence per se does not equal liability per se. Simply because the law may presume negligence from a person's violation of a statute or rule does not mean that the law presumes that such negligence was the proximate cause of the harm inflicted." Shroades v. RentalHomes, Inc., 68 Ohio St.2d at 25.
 {¶ 24} Additionally, a landlord's lack of notice of the purported defect in the premises constitutes an excuse from liability for a violation of R.C. 5321.04(A)(1) and (2). Sikorav. Wenzel, at 498. Constructive notice of an unsafe condition may be demonstrated by showing that landlord knows or should have known "of any occasion or necessity for action in compliance with the legislation or regulation." Id.
 {¶ 25} For ease of discussion, appellant's assignments of error shall be considered together. In her first assignment of error, appellant asserts that the common pleas court erred by granting appellee's motion for summary judgment and by not finding that appellee was negligent per se. In her second assignment of error appellant argues that the trial court erred in finding that appellant failed to show that the lack of a handrail was the proximate cause of her fall.
 {¶ 26} Initially, we note that the trial court acknowledged the fact that a violation of a statutory duty is negligence per se. Relying on this court's decision in Smalley v. Pauly, 6th Dist. No. L-04-1106, 2004-Ohio-6885, the court then impliedly
held that even if appellee was negligent per se because he violated R.C. 5321.04(A)(1) by failing to install a handrail on the steps, appellant failed offer any evidence to show that this failure was the proximate cause of her injury. Thus, we find no error on the question of negligence per se. However, for the following reasons, including the fact that the lower court mistakenly applied the "open and obvious doctrine" to this cause, failed to consider all of the alleged violations of R.C.5321.04(A), and did not find that questions of fact exist on the issue of proximate cause, we reverse the trial court's judgment.
 {¶ 27} Appellant contends, as she did below, that: (1) under Toledo Municipal Code, Section 1745.12(b), appellant was required to install handrails on the steps to the porch. Because he did not do so, she claims that appellant violated R.C. 5321.04(A)(1); and (2) appellant failed to make the necessary repairs to the steps and porch to keep them in a safe condition and, therefore, violated R.C. 5321.04(A)(2).
 {¶ 28} Toledo Municipal Code, Section 1745.12 provides, in relevant part:
 {¶ 29} "(b) Structurally sound handrails shall be provided on any set of steps containing more than four risers."
 {¶ 30} "* * *
 {¶ 31} "(d) Exterior walks and steps shall be provided for all weather access to the dwelling or dwelling unit and constructed so as to provide safety, and reasonable durability."
 {¶ 32} With regard to the issue of handrails, a "riser" is defined as "the upright member between two stair treads." Merriam Webster's Collegiate Dictionary (1996) 1011. A review of the photograph of the steps involved in this cause shows four concrete steps and a fifth short step to the porch. Because the number of risers for these steps is five, appellee should have known that he was required, under Toledo Municipal Code Section 1745.12(b) to install structurally sound handrails on these steps. Furthermore, the photographs offered by appellant reveal that the porch is not in good condition and that at least one piece of wood at the edge of the porch is chipped/broken. The steps themselves are broken in places and patched. Although appellant claims that he had no actual notice of the defects in the porch and steps, he admits that he and his tenant discussed the poor appearance of the steps themselves. Thus, he should have known that the steps and porch were in need of repair, and that his failure to do so constituted a violation of R.C.5321.04(A)(2) and Toledo Municipal Code, Section 1745.12(d). Accordingly, appellant must be deemed negligent per se.
 {¶ 33} The final issue that must be addressed is whether the trial court erred in granting appellee's motion for summary judgment on the question of proximate cause. Generally, proximate cause is a question of fact for the jury unless reasonable minds could not differ. Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 269. Thus, in order to defeat apellee's motion for summary judgment, appellant was not required to demonstrate that appellee's violations of his statutory duties was the proximate cause of her injuries. Instead, she was only required to offer sufficient relevant facts to create a genuine issue of material fact on that question. Appellant presented testimony that, at the least, creates a genuine issue of material fact on the questions of (1) whether the condition of the porch and steps was the proximate cause of her injury; (2) whether the lack of handrails was the proximate cause of her injury, and/or (3) whether a combination of both of these defects was the proximate cause of appellant's injuries. Accordingly, the trial court erred in granting appellee's motion for summary judgment as a matter of law, and appellant's first and second assignments of error are found well-taken.
 {¶ 34} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Lucas County Court of Common Pleas is reversed and remanded to that court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Skow, J., Parish, J., concur.