[Cite as *Lang v. THK Mfg. of Am., Inc.*, 2025-Ohio-4811.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TODD W. LANG, | Case No. 25 CA 00030 |
| Plaintiff - Appellant | <u>Opinion & Judgment Entry</u> |
| -vs- | Appeal from the Court of Common Pleas of Licking County, Case No. 24 CV 00386 |
| THK MANUFACTURING OF AMERICA, INC., et al., | |
| Defendants - Appellees | Judgment:   Reversed and Remanded |
| | Date of Judgment:  October 21, 2025 |

BEFORE: William B. Hoffman; Craig R. Baldwin; David M. Gormley, Judges

APPEARANCES: Benjamin M. Flowers (argued), David A. Bressman, and Jedidiah I. Bressman for Plaintiff-Appellant Lang; Christopher C. Russell (argued) and Jamie A. Repasky for Defendant-Appellee THK Manufacturing of America, Inc.; David M. Canale for Defendant-Appellee Ohio Bureau of Workers' Compensation.

*Gormley, J.*

**{¶1}**   Plaintiff Todd Lang appeals the trial court's decision granting summary judgment in favor of Defendant THK Manufacturing of America.  Because we find that the parties' conflicting expert reports raised a genuine issue of material fact for trial, the judgment of the trial court is reversed, and Lang's case is remanded for further proceedings.

**The Key Facts**

**{¶2}**   Lang was an employee of THK, which manufactures automotive parts and other products in Hebron, Ohio.  Soon after he had arrived for the workday at THK's production facility one day, and while he was speaking with a co-worker about some work-

related matters, Lang collapsed.  He fell to the ground and struck his head on the floor.  The resulting head trauma has left Lang largely incapacitated.

{¶3}    Lang filed a workers'-compensation claim with the Ohio Bureau of Workers' Compensation (BWC).  When Lang's claim was denied by the Bureau, he appealed that decision to a district hearing officer, who again denied Lang's claim because — in the hearing officer's view — Lang had not demonstrated that his injuries had arisen out of his employment with THK.  Lang appealed two more times, and his claims were denied both times.  Lang then sought judicial review of his claim by filing an administrative appeal in the Court of Common Pleas of Licking County, naming THK and BWC as defendants in the action.

{¶4}    In the common-pleas court, THK filed a motion for summary judgment and attached an affidavit from an expert, Dr. Scott Singer, who opined that Lang's fall and injuries were unrelated to Lang's employment with THK.  In response, Lang submitted an affidavit from his own expert, Dr. Donato Borrillo, who expressed the view that Lang likely had developed a condition known as functional neurological disorder.  That disorder and Lang's work activity precipitated, in Borrillo's opinion, a seizure, and that seizure caused Lang to fall and fracture his skull.

{¶5}    The trial court granted summary judgment in THK's favor, concluding that Lang is not entitled to workers'-compensation benefits because he offered no credible evidence that his injury arose out of his employment.  Lang now appeals that decision.

**Standard of Review**

{¶6}    An appellate court reviews with fresh eyes a lower court's decision to grant a motion for summary judgment.  *McCord v. Ron Laymon Trucking Co.*, 2005-Ohio-4399,

¶ 19 (5th Dist.). Summary judgment should be granted only if it appears from the pleadings and other evidence in the case that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.* at ¶ 22; Civ.R. 56(C).

## Lang's Expert Affidavit Created a Genuine Factual Dispute

**{¶7}** For an employee to receive compensation for an injury under Ohio's workers'-compensation system, the injury "must have occurred 'in the course of, and arising out of, the injured employee's employment.'" *Friebel v. Visiting Nurse Assn. of Mid-Ohio*, 2014-Ohio-4531, ¶ 12, quoting R.C. 4123.01(C). The trial court found that "it was clear" that Lang's injuries occurred in the course of his employment because he was at THK's manufacturing facility and was discussing job duties with a co-worker while the two of them were on duty when he sustained his injuries. The trial court found as well, however, that Lang's injury did not arise out of his employment. We focus in this appeal, then, on that latter finding against Lang.

**{¶8}** A non-moving party is not required to prove the merits of his or her case at the summary-judgment stage. *Davis v. Stoykoff*, 2025-Ohio-2710, ¶ 18 (6th Dist.) ("[a]t the summary judgment stage, . . . appellants were only required to offer sufficient relevant facts to create a genuine issue of material fact"); *Adkins v. Yamaha Motor Corp., U.S.A.*, 2014-Ohio-3747, ¶ 18 (4th Dist.) ("[a] nonmoving party need not try its case when defending against a summary judgment motion"). Instead, the non-moving party is required only to point to specific facts that raise a genuine issue for trial. Civ.R. 56(E).

**{¶9}** A genuine issue of fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *DayCab Co., Inc. v. Prairie Technology, LLC*, 67 F.4th 837, 846 (6th Cir. 2023) (quotations omitted). And "an affidavit by an expert witness may suffice to defeat a motion for summary judgment." *Burris v. Lerner*, 139 Ohio App.3d 664, 674 (8th Dist. 2000). *See also Saint Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 666 F.Supp.2d 820, 833 (N.D.Ohio 2009) ("Ordinarily, the mere existence of competing expert opinion dispels resolution by summary judgment") (brackets and quotations omitted); *Spirit Airlines Inc. v. Northwest Airlines, Inc.*, 431 F.3d 917, 931 (6th Cir. 2005) ("if the opposing party's expert provides a reliable and reasonable opinion with factual support, summary judgment is inappropriate").

**{¶10}** To be sure, "[e]xpert reports must include 'how' and 'why' the expert reached a particular result, not merely the expert's conclusory opinions." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010). *See also Brainard v. Am. Skandia Life Assur. Corp.*, 432 F.3d 655, 663–664 (6th Cir. 2005) ("An expert opinion submitted in the context of a summary judgment motion must be more than a conclusory assertion about ultimate legal issues. . . . [It] must set forth facts and, in doing so, outline a line of reasoning arising from a logical foundation") (quotations omitted).

**{¶11}** At the summary-judgment stage, though, "a court should not reject one expert opinion for another simply because it believes one theory over the other." *State ex rel. AWMS Water Solutions, LLC v. Mertz*, 2020-Ohio-5482, ¶ 23 (quotations omitted). *See also Johnson v. Pohlman*, 2005-Ohio-3554, ¶ 37 (8th Dist.) ("it is not the court's job to weigh the credibility of the experts when ruling on a motion for summary judgment").

**{¶12}** In this case, at the summary-judgment stage, both Lang and THK submitted expert testimony regarding the cause of Lang's fall and injuries. Lang's expert — a licensed physician — explained in an affidavit that after reviewing Lang's medical records, he believed that Lang, before collapsing at work, had "suffered a seizure due in part to his work environment." Lang, that expert suggests, suffers from a medical condition known as functional neurological disorder, and the "higher thought processing" that Lang had to do at work using a brain afflicted by the disorder led, in the expert's view, to Lang's workplace injury. "The seizure," that expert opined, was "directly related" to Lang's work activity.

**{¶13}** In turn, THK's expert — likewise a licensed physician — explained in his testimony that he sees in Lang's medical records no evidence linking Lang's fall to any "work-related activities" or to the "work environment" at THK's production facility.

**{¶14}** We find that the conflicting expert opinions in Lang's case created a genuine issue of material fact that precluded the award of summary judgment to THK. Both experts cited Lang's medical records and the documented circumstances surrounding Lang's fall at work as the factual support for their conclusions. And Lang's expert, in linking that fall to what the expert characterizes as a diagnosable medical condition triggered or aggravated in part by Lang's workplace environment or activity, offers a possible causal connection between Lang's employment and his injury.

**{¶15}** Lang was of course not required to prove the merits of his claim when THK moved for summary judgment. Lang's burden was simply to identify sufficient relevant facts that, if he can prove them at a trial, could prompt a reasonable jury to rule in his

favor on his workers'-compensation claim. He, in our view, met that burden at the summary-judgment stage.

{¶16} For that reason, the judgment of the Court of Common Pleas of Licking County is reversed, and the case is remanded for further proceedings in that court.

{¶17} Any costs are to be paid by Appellee THK.


By: Gormley, J.;

Hoffman, J. and

Baldwin, P.J. concur.